# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| HOSEA LATRON SWOPES, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:09CV2045RWS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Petitioner Hosea Latron Swopes moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Swopes claims the prosecution unconstitutionally failed to disclose evidence favorable to him and denied him the right to face his accuser. Swopes also claims that the evidence used against him was obtained through an unlawful arrest. Swopes further claims that he received ineffective assistance of counsel when his counsel failed to challenge the fact that Swopes was not allowed to face his accuser, failed to challenge the manner in which the suppression hearing was conducted, and by allowing the United States Attorney to circumvent due process. For the reasons set forth below, I will deny Swopes' motion.

*Background*

Prior to October 2, 2007, Movant Hosea Latron Swopes had been convicted of at least one felony offense punishable by a term of imprisonment exceeding one year. On October 2, 2007, St. Louis Metropolitan Police Department Detectives Paulistch and Wooderson received an all-points radio dispatch regarding an armed robbery that occurred near the area they were patrolling. The victim, who had called 911 to report the robbery, provided a description of the suspect and explained that after she had spoken with the assailant several times during the evening at a lounge and liquor store, he approached her about 600 feet from the liquor store, stood directly in front of her and placed a gun to her chest. The police dispatch sent out a description of the suspect by radio: a black male, in his early twenties, approximately 5' 8" - 5' 9" tall, weighing 175-185 pounds, with short hair and a moustache, light skin, and wearing a red, white, and black striped shirt and jeans. Paulistch and Wooderson responded to the area and observed someone matching the description, who was later identified as Swopes. After Paultisch identified himself as a police officer, he saw Swopes lift the front of his shirt and remove a black pistol. Paulistch drew his firearm and told Swopes to drop his weapon. Swopes dropped both his gun and a can of beer he had been holding and fled on foot. Swopes ran into a first-floor apartment. About 10 to 15

minutes later, Paulitsch and other officers entered the apartment and found the apartment owner and Swopes, who was no longer wearing the red, white, and black striped shirt. Paulitsch recognized Swopes from his facial features. Officers found the red, white, and black striped shirt in the apartment. The victim identified Swopes at the scene during a "show-up."

On May 1, 2008, Swopes was indicted for being a felon possession of a firearm on or about October 2, 2007, and a warrant was issued that same day. On May 20, 2008, Detective Murphy, also of the St. Louis Metropolitan Police Department, received information that Swopes was wanted with regard to a federal warrant. Murphy and other officers, including Detective Drennan went to the 1500 block of Arlington to look for Swopes. After officers located Swopes and arrested him, Drennann read Swopes his <u>Miranda</u> rights. The officers searched Swopes incident to arrest and found two live 9 millimeter rounds of ammunition. Swopes told the officers he had found the bullets in an alley. Later, Swopes told the officers that someone had tried to sell him a zip gun, but Swopes was not interested in buying it. Swopes told the officers that that same person had left the two bullets on the porch and that Swopes had found them and put them in his pocket.

On July 10, 2008, a Grand Jury issued a superseding indictment that charged Swopes with felon in possession of a firearm in Count I and added a charge of being a felon in possession of ammunition on May 20, 2008 in Count II. Swopes moved to suppress the victim's identification of him, the weapon seized on October 2, 2007, and the bullets seized on May 20, 2008 as unconstitutionally tainted. On October 17, 2008, I denied Swopes' motion to suppress evidence and statements.

On October 30, 2008, Swopes pleaded guilty to Count II of the indictment, being a felon in possession of ammunition on May 20, 2008. In exchange for Swopes' plea of guilty to Count II, the United States Attorney agreed to dismiss Count 1, being a felon in possession of a firearm on October 2, 2007. In his plea agreement, Swopes acknowledged that he many rights, including the right to confront and cross-examine witnesses and the right to move to suppress evidence, and that by entering a guilty plea, Swopes expressly waived those rights. Swopes also agreed to

> waive all rights to appeal non-jurisdictional issues, including but not limited to, any issues relating to pre-trial motions, hearings, and discovery; and any issues relating to the negotiation, taking, or acceptance of the guilty plea or the factual basis for the plea . . . [Swopes] further agree[d] to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one

> pursuant to 28 U.S.C. § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

Before I accepted Swopes' guilty plea, I questioned him to make sure he understood the rights he was giving up by entering a guilty plea. For example, I asked him, "Do you understand that at a trial the United States would have to bring its witnesses into this courtroom, those witnesses would have to testify in your presence, your attorney could cross-examine the witnesses, object to the evidence, and could call witnesses and offer evidence on your behalf?" Swopes answered, "Yes." I asked Swopes if he understood that by pleading guilty he was "waiving [his] right to a trial and the other rights associated with a trial," to which he answered, "I do." I also ensured that Swopes had decided to plead guilty of his own accord. I asked him, "Has anybody threatened you or in any way forced you to plead guilty?" Swopes responded, "No."

At Swopes' plea hearing, he indicated he was satisfied with the representation he received. I specifically asked him, "Are you satisfied with [your attorney's] representation of you in this case?" Swopes answered, "Yes." I then asked Swopes, "Is there anything you think your lawyer should have done but did not do in representing you?" Swopes answered, "No"

I accepted Swopes' guilty plea and later sentenced him to a term of imprisonment of sixty-five months. Swopes did not file a direct appeal, but on December 14, 2009, he filed this motion under 28 U.S.C. § 2255.

*Discussion*

Swopes claims his conviction should be vacated because (1) the United States committed prosecutorial misconduct by failing to disclose evidence favorable to him by denying him the right to face his accuser; (2) Swopes' arrest on May 20, 2008 was unlawful because the "justification for [his] arrest was never corroborated by the accuser," thereby making any evidence seized the fruit of an unlawful arrest; and (3) Swopes received ineffective assistance of counsel when his counsel failed to challenge the fact that Swopes was not allowed to face his accuser, failed to challenge the manner in which the suppression hearing was conducted, and by allowing the United States Attorney to circumvent due process.

*Alleged prosecutorial misconduct*

Swopes' claim of prosecutorial misconduct is that the prosecutor denied him the opportunity to confront the victim of the robbery and thereby withheld evidence that would be favorable to him. Before addressing why Swopes' claim fails on the merits, I note that by entering his plea agreement, Swopes specifically waived the right to confront the witnesses against him. Because Swopes waived

the right to confront his accuser, the prosecutor could not have been guilty of misconduct by denying Swopes the opportunity to confront her.

Even if Swopes had not waived the right to confront the victim of the October 2, 2007 robbery, his claim fails for two reasons. First, Swopes did not plead guilty to any crime arising out of the October 2, 2007 incident. Instead, Swopes pleaded guilty to being a felon in possession of ammunition on May 20, 2008. Confronting the robbery victim on October 2, 2007 would be irrelevant to his possession of ammunition on May 20, 2008. Second, even if Swopes did have a right to confront his accuser regarding the robbery, the prosecutor did not deny him the opportunity to confront her. Swopes was aware of the robbery victim's identity. Indeed, she is mentioned by name in Magistrate Judge Fleissig's report dated August 18, 2008. Because the record conclusively establishes that Swopes waived the right to confront his accuser when he entered his guilty plea and the prosecutor did not withhold her identity or deny Swopes the right to confront her, Ground I of Swopes' petition is denied.

*The lawfulness of the arrest*

Swopes claims his arrest on May 20, 2008 was unlawful because the "justification for [his] arrest was never corroborated by the accuser," thereby making any evidence seized the fruit of an unlawful arrest. Swopes moved to

suppress the victim's identification of him, the weapon seized on October 2, 2007, and the bullets seized on May 20, 2008 as unconstitutionally tainted. On October 17, 2008, because Swopes' arrests on October 2, 2007 and May 20, 2008 were lawful, I denied Swopes' motion to suppress evidence and statements. For the same reasons articulated by Judge Fleissig in her Report and Recommendation, I conclude that Swopes was lawfully arrested pursuant to a federal arrest warrant on May 20, 2008. Moreover, even if the arrest had been unlawful (which it was not), Swopes waived the right to challenge "any issues relating to pre-trial motions" and "all rights to contest the conviction or sentence in any post-conviction proceeding . . . except for claims of prosecutorial misconduct or ineffective assistance of counsel" when he pleaded guilty to being a felon in possession of ammunition on May 20, 2008. As a result, Swopes is not entitled to relief on Ground II.

*Ineffective Assistance of Counsel*

Swopes appears to claim that he received ineffective assistance of counsel when his counsel (1) failed to challenge the fact that Swopes was not allowed to face his accuser; (2) failed to challenge the manner in which the suppression hearing was conducted; and (3) by allowing the United States Attorney to circumvent due process by not allowing him to weigh his options regarding whether he wanted to pursue a trial.

The Sixth Amendment establishes the right of the criminally accused to have the assistance of counsel in his defense. The Supreme Court's decision in Strickland v. Washington, 466 U.S. 668 (1984), governs ineffective assistance of counsel claims under 28 U.S.C. § 2255. See Caban v. United States, 281 F.3d 778, 781 (8th Cir. 2002). In order for a convicted defendant to prove that his counsel was ineffective, the defendant must first show that counsel's performance was deficient. Strickland, 466 U.S. at 687. To do so, the defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness. Id. at 687–88. Judicial scrutiny of an attorney's performance must be highly deferential, and thus, the courts should employ a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Id. at 689. Second, "the defendant must show that the deficient performance prejudiced the defense." Id. at 687. A defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. However mechanical these tests may seem, the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686.

*Failure to allow Swopes to confront his accuser*

Swopes states that counsel failed to "question the legitimacy of why defendant wasn't allow [sic] to face his accuser." There is no evidence that counsel failed to question why Swopes was not allowed to confront the robbery victim, but even if counsel had failed to question why Swopes was not allowed to confront his accuser, her performance would not have fallen below an objective standard of reasonableness. As discussed at length above, Swopes pleaded guilty to being a felon in possession of ammunition. Whether he was allowed to confront the October 2, 2007 robbery victim is entirely irrelevant to his guilty plea to being a felon in possession of ammunition on May 20, 2008. Counsel cannot be ineffective for failing to make a meritless argument. See Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994).

*Alleged Ineffectiveness relating to the suppression hearing*

Swopes also appears to claim counsel was ineffective for failing to challenge the manner in which the suppression hearing was conducted.[1] To prevail on his claim of ineffective assistance of counsel, Swopes must identify *facts* that would entitle him to relief. He must also establish "that there is a

---

[1] Swopes' exact claims is: "Counsel didnt [sic] challenge the proceedings of how the S1 4:08CR271RWS was implemented during the suppression hearing."

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). In this case, counsel filed a motion to suppress and attacked the United States' case. It is not clear what more Swopes would have had his counsel do. Swopes has failed to identify what counsel should have done to "challenge the proceedings," and in which way that failure fell below an objective standard of reasonableness. Swopes has also failed to allege that, but for counsel's alleged error, he would not have pleaded guilty and would instead have insisted on going to trial. As a result, Swopes cannot establish that counsel was ineffective for failing to challenge the proceedings during the suppression hearing.

>*Ineffectiveness for allowing the United States Attorney to circumvent due process*

Swopes' final claim of ineffective assistance of counsel is unintelligible. Swopes states that, "Counsel denied [him] the right to acknowledge said superceding indictment, simply by allowing the government to circumvent the due procedures that allows [him] to weigh [his] options regarding if [he] want[s] to pursue a trial." I interpret this to mean counsel was ineffective by allowing the United States Attorney to circumvent due process by not allowing him to weigh his options regarding whether he wanted to pursue a trial.

This claim is conclusively refuted by the record. Before accepting Swopes' plea, I specifically asked him, "Are you satisfied with [your attorney's] representation of you in this case?" Swopes answered, "Yes." I then asked Swopes, "Is there anything you think your lawyer should have done but did not do in representing you?" Swopes answered, "No." I also asked Swopes if he had gone over the plea agreement with his lawyer and whether she had answered all of his questions. Swopes answered "yes" to both questions. Swopes' present allegations contradict his sworn testimony at his plea hearing and are refuted by the record. As a result, Swopes has failed to establish he received ineffective assistance of counsel.

***Request for an Evidentiary Hearing***

Generally, 28 U.S.C. § 2255 entitles movants to a hearing on the merits of their motion. However, there is a well-established exception to this rule when the record of the case conclusively establishes that the petitioner is entitled to no relief. Hodges v. United States, 368 U.S. 139, 140 (1961); Cheek v. United States, 858 F.2d 1330, 1333 (8th Cir. 1988); United States v. Gann, 807 F.3d 134, 135 (8th Cir. 1986). Because the record is absolutely clear that Swopes is entitled to no relief, I will not grant his request for an evidentiary hearing on the merits of this motion.

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, a court must find a substantial showing of the denial of a federal constitutional right. *See* Tiedman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 878, 882–83 (8th Cir. 1994).

I believe that Swopes has not made a showing on the grounds raised in his motion. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Hosea Latron Swopes to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [#1] is **DENIED**.

**IT IS FURTHER ORDERED** that Swopes' motion to appoint counsel [#12] is **DENIED as moot.**

Dated this 9th Day of June, 2010.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE